# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 2:11-cv-00418-DF |
| v. | § | |
| | § | Jury Trial Demanded |
| ARBY'S RESTAURANT GROUP, INC.; | § | |
| ABP CORPORATION | § | |
|     D/B/A AU BON PAIN; | § | |
| BOJANGLE'S RESTAURANTS INC.; | § | |
| BURGER KING HOLDINGS, INC.; | § | |
| CHICK-FIL-A, INC.; | § | |
| CKE RESTAURANTS, INC. | § | |
|     D/B/A HARDEE'S; | § | |
| CULVER FRANCHISING SYSTEM, INC.; | § | |
| DOCTOR'S ASSOCIATES, INC. | § | |
|     D/B/A SUBWAY; | § | |
| INTERNATIONAL DAIRY QUEEN, INC.; | § | |
| DINEWISE INC.; | § | |
| DUNKIN' BRANDS GROUP, INC.; | § | |
| EPL INTERMEDIATE, INC. | § | |
|     D/B/A EL POLLO LOCO; | § | |
| GOOGLE INC.; | § | |
| JACK IN THE BOX INC.; | § | |
| JIMMY JOHN'S FRANCHISE LLC; | § | |
| MCDONALD'S CORPORATION; | § | |
| PANDA RESTAURANT GROUP, INC.; | § | |
| PANDA EXPRESS, INC.; | § | |
| SONIC CORP.; | § | |
| TACO BELL CORP.; | § | |
| TCBY ENTERPRISES, INC.; | § | |
| THE TELEVISION FOOD NETWORK, G.P., | § | |
|     D/B/A FOOD NETWORK; | § | |
| WAWA, INC.; | § | |
| WEGMANS FOOD MARKETS, INC.; | § | |
| WENDY'S INTERNATIONAL, INC.; | § | |
| WHOLE FOODS MARKET INC.; | § | |
| BON APPÉTIT MANAGEMENT COMPANY; | § | |
| DAILY BURN, INC.; | § | |
| HARVEST FARMS; | § | |
| HEARST COMMUNICATIONS, INC. | § | |
|     D/B/A SEVENTEEN MAGAZINE; | § | |

---

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT       Page 1

DARDEN RESTAURANTS, INC.,                    §
    D/B/A RED LOBSTER;                        §
INTERACTIVECORP;                             §
ACCORD, INC. D/B/A TACO TIME                 §
    NORTHWEST;                                §
KRAFT FOODS INC.;                            §
PFIZER, INC.;                                §
QIP HOLDER LLC D/B/A QUIZNOS;                §
RED ROBIN INTERNATIONAL, INC.;               §
MOE'S FRANCHISOR LLC;                        §
RODALE, INC.;                                §
TIM HORTONS INC.;                            §
TIM HORTONS USA INC.;                        §
WEIGHT WATCHERS INTERNATIONAL,               §
    INC.;                                     §
WHICH WICH, INC.;                            §
DAVANNI'S, INC.;                             §
RUBIO'S RESTAURANTS, INC.;                   §
SWEETGREEN, INC.;                            §
DOMINO'S PIZZA, INC.; and                    §
STARBUCKS CORPORATION,                       §
                                              §
        *Defendants.*                      §

## PLAINTIFF'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff DietGoal Innovations LLC files this Complaint against Arby's Restaurant Group, Inc.; ABP Corporation d/b/a Au Bon Pain; Bojangle's Restaurants Inc.; Bon Appétit Management Company; Burger King Holdings, Inc.; Chick-Fil-A, Inc.; CKE Restaurants, Inc. d/b/a Hardee's; Culver Franchising System, Inc.; Darden Restaurants, Inc. d/b/a Red Lobster; International Dairy Queen, Inc.; Daily Burn, Inc.; Doctor's Associates, Inc. d/b/a Subway; DineWise Inc.; Dunkin' Brands Group, Inc.; EPL Intermediate, Inc. d/b/a El Pollo Loco; Google Inc.; Harvest Farms; InterActiveCorp; Hearst Communications, Inc. d/b/a Seventeen Magazine; Jack in the Box Inc.; Jimmy John's Corporation; Accord, Inc. d/b/a Taco Time Northwest; Kraft Foods Inc.; McDonald's Corporation; Panda Restaurant Group, Inc.; Panda Express, Inc.; Pfizer, Inc.; QIP Holder LLC d/b/a Quiznos; Red Robin International, Inc.; Moe's Franchisor LLC;

Rodale, Inc.; Sonic Corp.; Taco Bell Corp.; TCBY Enterprises, Inc.; The Television Food Network, G.P., d/b/a Food Network; Tim Hortons, Inc.; Wawa, Inc.; Wegmans Food Markets, Inc.; Weight Watchers International, Inc.; Wendy's International, Inc.; Which Wich, Inc.; Whole Foods Market Inc.; Davanni's Inc.; Rubio's Restaurants, Inc.; Sweetgreen, Inc.; Domino's Pizza, Inc.; and Starbucks Corporation (collectively the "Defendants") and alleges as follows.

## PARTIES

1.      Plaintiff DietGoal Innovations LLC ("DietGoal Innovations") is a Texas Limited Liability Company based in Austin, Texas.

2.      Upon information and belief, Defendant Arby's Restaurant Group, Inc. ("Arby's") is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located at 1155 Perimeter Center West, Suite 1200, Atlanta, Georgia 30338.  Arby's may be served with process through its registered agent Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas  78701-3218.

3.      Upon information and belief, Defendant ABP Corporation d/b/a Au Bon Pain ("ABP") is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business located at 1 Au Bon Pain Way, Boston, Massachusetts 02210.  ABP may be served with process through its registered agent CT Corporation System, 9 Capital Street, Concord, New Hampshire  03301.

4.      Upon information and belief, Defendant Bojangle's Restaurants Inc. ("Bojangle's") is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business located at 9432 Southern Pines Blvd, Charlotte,

North Carolina 28273. Bojangle's may be served with process through its registered agent Eric M. Newman, 9432 Southern Pine Boulevard, Charlotte, North Carolina 28273.

5. Upon information and belief, Defendant Bon Appétit Management Company ("Bon Appétit") is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business located at 2400 Yorkmont Rd., Charlotte, North Carolina 28217-4511. Bojangle's may be served with process through its registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

6. Upon information and belief, Defendant Burger King Holdings, Inc. ("Burger King") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 5505 Blue Lagoon Drive, Miami, Florida 33126. Burger King may be served with process through its registered agent Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7. Upon information and belief, Defendant Chick-Fil-A, Inc. ("Chick-Fil-A") is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located at 5200 Buffington Road, Atlanta, Georgia 30349. Chick-Fil-A may be served with process through its registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

8. Upon information and belief, Defendant Culver Franchising System, Inc. ("Culver") is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located at 1240 Water Street, Prairie du Sac, Wisconsin 53578. Culver may be served with process through its registered agent Lea Culver, 1240 Water St., Prairie Du Sac, Wisconsin 53578.

9.     Upon information and belief, Defendant InterActiveCorp and Daily Burn, Inc. (collectively "IAC") are corporations organized and existing under the laws of the State of New York, with their principal place of business located at 555 West 18th Street, New York, New York 10011. IAC may be served with process through its registered agent National Registered Agents Inc., 150 South Perry Street, Montgomery, Alabama 36104.

10.     Upon information and belief, Defendant International Dairy Queen, Inc. ("Dairy Queen") is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business located at 7505 Metro Boulevard, Minneapolis, Minnesota 55439. Dairy Queen may be served with process through its registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

11.     Upon information and belief, Defendant DineWise Inc. ("DineWise") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 500 Bi County Boulevard, Suite 400, Farmingdale, New York 11735. DineWise may be served with process through its President at 500 Bi County Boulevard, Suite 400, Farmingdale, New York 11735.

12.     Upon information and belief, Defendant Dunkin' Brands Group, Inc. ("Dunkin' Brands") is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business located at 130 Royall Street, Canton, Massachusetts 02021. Dunkin' Brands may be served with process through its registered agent Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

13.     Upon information and belief, Defendant Rodale, Inc. ("Rodale") is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at 400 South 10th Street, Emmaus, Pennsylvania 18098-0099. Rodale may be

served with process through its president Maria Rodale, 400 South 10th Street, Emmaus, Pennsylvania 18098-0099.

14.     Upon information and belief, Defendant EPL Intermediate, Inc. d/b/a El Pollo Loco ("El Pollo Loco") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 3535 Harbor Blvd. Suite 100, Costa Mesa, California 92626-1494. El Pollo Loco may be served with process through its registered agent Corporation Service Company dba CSC – Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Suite 100, Sacramento, CA 95833.

15.     Upon information and belief, Defendant The Television Food Network, G.P., d/b/a Food Network ("Food Network") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 75 Ninth Avenue, New York, New York 10011. Food Network may be served with process through its President at 75 Ninth Avenue, New York, New York 10011.

16.     Upon information and belief, Defendant Google Inc. ("Google") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google may be served with process through its registered agent Corporation Service Company d/b/a CSC – Lawyers Inc., 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

17.     Upon information and belief, Defendant CKE Restaurants, Inc. d/b/a Hardee's ("Hardee's") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 6307 Carpinteria Ave., Suite A, Carpinteria, California 93013. Hardee's may be served with process through its registered agent Corporation

Service Company dba CSC – Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Suite 100, Sacramento, California  95833.

18.    Upon information and believe, Defendant Harvest Farms is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 45000 North Yucca Avenue, Lancaster, California,  93534.  Harvest Farms may be served with process through its registered agent Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Suite 100, Sacramento, California  95833.

19.    Upon information and belief, Defendant Jack in the Box Inc. ("Jack in the Box") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 9330 Balboa Avenue, San Diego, California  92123.  Jack in the Box may be served with process through its registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas  75201.

20.    Upon information and belief, Defendant Jimmy John's Franchise LLC ("Jimmy John's") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 2212 Fox Drive, Champaign, Illinois  61820.  Jimmy John's may be served with process through its registered agent Jeffery B. Wampler, 411 W. University Ave., Champaign, Illinois  61824.

21.    Upon information and belief, Defendant Kraft Foods Inc. ("Kraft") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 3 Lakes Drive, Northfield, Illinois  60093-2753.  Kraft may be served with process through its registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas  75201.

22.    Upon information and belief, Defendant McDonald's Corporation ("McDonald's") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 1 McDonald's Plaza, Oak Brooks, Illinois 60523. McDonald's may be served with process through its registered agent Prentice Hall Corporation System, 211 East 7th Street, Suite 620, Austin, Texas 78701.

23.    Upon information and belief, Defendant Moe's Franchisor LLC ("Moe's") is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located at 200 Glenridge Point Parkway, Atlanta, Georgia 30342. By agreement of the parties, Moe's may be served with process through its counsel Richard G. Greenstein, DLA Piper, One Atlantic Center, 1201 West Peachtree Street, Suite 2800, Atlanta, Georgia 30309-3450.

24.    Upon information and belief, Defendant Panda Restaurant Group, Inc. and Panda Express, Inc. (collectively "Panda Express") are corporations organized and existing under the laws of the State of California, with their principal place of business located at 1683 Walnut Grove Avenue, Rosemead, California 91770. Panda Express may be served with process through its registered agent David S. Chang, 1646 Rising Meadow, Arlington, Texas 76018.

25.    Upon information and belief, Defendant Pfizer, Inc. ("Pfizer") is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business located at 6730 Lenox Center Court, Suite 300, Memphis, Tennessee 38115-4289. Pfizer may be served with process through its registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

26.    Upon information and belief, Defendant QIP Holder LLC d/b/a Quiznos ("Quiznos") is a corporation organized and existing under the laws of the State of Colorado, with

its principal place of business located at 1001 17th Street, Suite 200, Denver, Colorado  80202.

Quiznos may be served with process through its registered agent National Registered Agents

Inc., 1535 Grant Street, Suite 140, Denver, Colorado  80203.

27.     Upon information and belief, Defendant Darden Corporation, a wholly owned

subsidiary of Darden Restaurants, Inc., d/b/a Red Lobster ("Red Lobster") is a corporation

organized and existing under the laws of the State of Florida, with its principal place of business

located at 1000 Darden Center Drive, Orlando, Florida  32837.  Red Lobster may be served with

process through its registered agent Corporate Creations Network Inc., 11380 Prosperity Farms

Road, Suite 221E, Palm Beach Gardens, Florida  33410.

28.     Upon information and belief, Defendant Red Robin International, Inc. ("Red

Robin") is a corporation organized and existing under the laws of the State of Colorado, with its

principal place of business located at 6312 South Fiddlers Green Circle, Number 200N,

Greenwood Village, Colorado  80111.  Red Robin may be served with process through its

registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas

78701.

29.     Upon information and belief, Defendant Hearst Communications, Inc. d/b/a

Seventeen Magazine ("Seventeen") is a corporation organized and existing under the laws of the

State of North Carolina, with its principal place of business located at 214 North Tryon Street,

Charlotte, North Carolina  28202-1078.  Seventeen may be served with process through its

registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas

75201.

30.     Upon information and belief, Defendant Sonic Corp. ("Sonic") is a corporation

organized and existing under the laws of the State of Oklahoma, with its principal place of

business located at 300 Johnny Bench Drive, Oklahoma City, Oklahoma 73104. Sonic may be served with process through its registered agent Paige S. Bass at 300 Johnny Bench Drive, Oklahoma City, Oklahoma 73104.

31.     Upon information and belief, Defendant Doctor's Associates, Inc. d/b/a Subway ("Subway") is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located at 325 Bic Dr., Milford, Connecticut 06461-3072. Subway may be served with process through its registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

32.     Upon information and belief, Defendant Taco Bell Corp. ("Taco Bell") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1 Glen Bell Way, Irvine, California 92618. Taco Bell may be served with process through its registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

33.     Upon information and belief, Defendant Accord, Inc. d/b/a Taco Time Northwest ("Accord") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 3300 Maple Valley Highway, Renton, WA 98058. Accord may be served with process through its registered agent Corpserve Inc., 1001 Fourth Ave., Suite 4500, Seattle, Washington 98154.

34.     Upon information and belief, Defendant TCBY Enterprises, Inc. ("TCBY") is a corporation organized and existing under the laws of the State of Utah, with its principal place of business located at 2855 E Cottonwood Pkwy, Suite 400, Salt Lake City, Utah 84121-7050. TCBY may be served with process through its registered agent Michael R. Ward at 1141 W. 2400 S., Salt Lake City, Utah 84119.

35.     Upon information and belief, Defendant Tim Hortons Inc. and Tim Hortons USA Inc. (collectively, "Tim Hortons") are foreign corporations organized and existing under the laws of Ontario, Canada, with their principal place of business located at 874 Sinclair Road, Oakville, Ontario L6K2Y1, Canada.  Tim Hortons may be served with process through its registered agent Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware  19801.

36.     Upon information and belief, Defendant Wawa, Inc. ("Wawa") is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at Red Rood, Baltimore Pike, Wawa, Pennsylvania  19063.  Wawa may be served with process through its registered agent CT Corporation System, 1635 Market Street, Philadelphia, Pennsylvania  19103.

37.     Upon information and belief, Defendant Wegmans Food Markets, Inc. ("Wegmans") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 1500 Brooks Avenue, P.O. Box 30844, Rochester, New York 14603-0844.  Wegmans may be served with process through its registered agent Paul S. Speranza, Jr. at 1500 Brooks Ave., Box 30844, Rochester, New York  14603-0844.

38.     Upon information and belief, Defendant Weight Watchers International, Inc. ("Weight Watchers") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 300 Jericho Quadrangle, Suite 350, Jericho, New York  11753-2723.  Weight Watchers may be served with process through its registered agent Prentice Hall Corporation System, 211 East 7th Street, Suite 620, Austin, Texas  78701.

39.     Upon information and belief, Defendant Wendy's International, Inc. ("Wendy's") is a corporation organized and existing under the laws of the State of Ohio, with its principal

place of business located at 1 Dave Thomas Boulevard, Dublin, Ohio 43017. Wendy's may be served with process through its registered agent Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

40.     Upon information and belief, Defendant Which Wich, Inc. ("Which Wich") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 1310 Elm Street, Suite 180, Dallas, Texas 75202-4044. Which Wich may be served with process through its registered agent Jeffrey Sinelli, 1310 Elm Street, Suite 180, Dallas, Texas 75202-4044.

41.     Upon information and belief, Defendant Whole Foods, Market Inc. ("Whole Foods") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 550 Bowie Street, Austin, Texas 78703. Whole Foods may be served with process through its registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

42.     Upon information and belief, Defendant Davanni's Inc. ("Davanni's) is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business located at 1100 Xenium Ln. N., Plymouth, Minnesota 55441-5200. Davanni's may be served with process through its Chief Executive Officer Gladstone Stenson, Jr. at 1100 Xenium Ln. N., Plymouth, Minnesota 55441-5200.

43.     Upon information and belief, Defendant Rubio's Restaurants, Inc. ("Rubio's") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1902 Wright Place, Suite 300, Carlsbad, California 92008. Rubio's

may be served with process through its registered agent Laura Novak at 1902 Wright Place, Suite 300, Carlsbad, California 92008.

44.    Upon information and belief, Defendant Sweetgreen, Inc. ("Sweetgreen") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1512 Connecticut Avenue NW, Washington, DC 20036-1104. Sweetgreen may be served with process through its registered agent National Capital Corporate Services, Inc. at 1838 16th Street NW #2, Washington, DC 20009.

45.    Upon information and belief, Defendant Domino's Pizza, Inc. ("Domino's") is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business located at 30 Frank Lloyd Wright Drive, Ann Arbor Charter, Township, Michigan 48106. Domino's may be served with process through its registered agent The Corporation Company at 30600 Telegraph Road, Bingham Farms, Michigan 48025.

46.    Upon information and belief, Defendant Starbucks Corporation ("Starbucks") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 2401 Utah Avenue, South Seattle, Washington 98134. Starbucks may be served with process through its registered agent Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

47.    This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

48.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

49.     Upon information and belief, each of the Defendants is subject to this Court's general and/or specific personal jurisdiction because it (a) is a resident of the State of Texas; and/or (b) has designated an agent for service of process in the State of Texas; and/or (c) has committed acts of infringement in the State of Texas as alleged below; and/or (d) is engaged in continuous and systematic activities in the State of Texas.  Therefore, this Court has personal jurisdiction over each of the Defendants under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE §17.042.

50.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has a regular and established place of business in this district, and/or has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## THE PATENT-IN-SUIT

51.     On July 1, 2003, the United States Patent and Trademark Office issued United States Patent No. 6,585,516 (the "'516 patent") entitled "Method and System for Computerized Visual Behavior Analysis, Training, and Planning," a true copy of which is attached as Exhibit A.

52.     DietGoal Innovations is the exclusive licensee of the '516 patent and possesses all rights to sue for and recover all past, present and future damages for infringement of the '516 patent.

## CLAIM 1 -- INFRINGEMENT OF U.S. PATENT NO. 6,585,516

53.     Defendant Arby's has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the

computer implemented website www.arbys.com, which has a computerized meal planning interface at http://www.arbys.com/food/build-a-meal-calculator.html.

54.     Defendant ABP has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.aubonpain.com, which has a computerized meal planning interface at http://www.aubonpain.com/nutrition/smartmenu.aspx.

55.     Defendant Bojangle's has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.bonjangles.com, which has a computerized meal planning interface at http://bojangles.com/menu#sandwiches.

56.     Defendant Bon Appétit has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.eatlowcarbon.org, which has a computerized meal planning interface at http://www.eatlowcarbon.org/Carbon-Calculator.html.

57.     Defendant Burger King has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.bk.com, which has a computerized meal planning interface at http://www.bk.com/en/us/menu-nutrition/index.html.

58.     Defendant Chick-Fil-A has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.chick-fil-a.com, which has a computerized meal planning interface at http://www.chick-fil-a.com/Food/Meal.

59.     Defendant Culver has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.culvers.com, which has a computerized meal planning interface at http://www.culvers.com/menu/nutrition_facts.aspx.

60.     Defendant IAC has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.dailyburn.com, which has a computerized meal planning interface at http://dailyburn.com/nutrition.

61.     Defendant Dairy Queen has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.dairyqueen.com, which has a computerized meal planning interface at http://www.dairyqueen.com/us-en/eats-and-treats/nutrition-calculator/.

62.     Defendant DineWise has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.dinewise.com, which has a computerized meal planning interface at http://www.dinewise.com/nutritional_mix_and_match_meals.php.

63.     Defendant Dunkin' Brands has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.dunkindonuts.com, which has a computerized meal planning interface at

http://www.dunkindonuts.com/content/dunkindonuts/en/menu/nutrition.html.

64.     Defendant Rodale has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States a

computer implemented software application that has a computerized meal planning interface. The software application is downloadable and/or made available at http://itunes.apple.com/us/app/eat-this-not-that!-restaurants/id409344432?mt=8.

65. Defendant El Pollo Loco has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.elpolloloco.com, which has a computerized meal planning interface at http://www.elpolloloco.com/nutrition.aspx.

66. Defendant Food Network has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.foodnetwork.com, which has a computerized meal planning interface at

http://www.foodnetwork.com/search/delegate.do?fnMealType=dinner&fnIngredient=chicken&fnTime=&fnChef=&fnSearchType=mealPlanner.

67. Defendant Google has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.google.com, which has a computerized meal planning interface at http://www.google.com/landing/recipes/.

68. Defendant Hardee's has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.hardees.com, which has a computerized meal planning interface at http://www.hardees.com/menu/alt-options.

69. Defendant Harvest Farms has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United

States the computer implemented website www.harvestfarms.com, which has a computerized meal planning interface at http://www.harvestfarms.com/new/build-a-box/.

70.     Defendant Jack in the Box has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.jackinthebox.com, which has a computerized meal planning interface at http://www.jackinthebox.com/nutrition/build-a-meal.php.

71.     Defendant Jimmy John's has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.jimmyjohns.com, which has a computerized meal planning interface at http://www.jimmyjohns.com/menu/nutrition.aspx.

72.     Defendant Kraft has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.kraftrecipes.com, which has a computerized meal planning interface at http://www.kraftrecipes.com/recipes/main.aspx, allowing a user to select one or more meals on different interfaces, for example http://www.kraftrecipes.com/recipes/search/SearchResults.aspx?course=main+dishes&searchtype=min&ingredient=vegetables|cheese|chicken&healthyliving=low+calorie&.

73.     Defendant McDonald's has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.mcdonalds.com, which has a computerized meal planning interface at http://www.mcdonalds.com/content/us/en/meal_builder.html.

74.     Defendant Moe's has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the

computer implemented website www.moes.com, which has a computerized meal planning interface at http://www.moes.com/Food.php?ii=1.

75. Defendant Panda Express has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.pandaexpress.com, which has a computerized meal planning interface at http://www.pandaexpress.com/menu/menu-items_flash.aspx.

76. Defendant Pfizer has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.centrumvitamins.ca, which has a computerized meal planning interface at http://www.centrumvitamins.ca/content/tools/calculator/default.aspx.

77. Defendant Quiznos has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.quiznos.com, which has a computerized meal planning interface at http://www.quiznos.com/Menu/All-Subs.aspx.

78. Defendant Red Lobster has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.redlobster.com, which has a computerized meal planning interface at http://www.redlobster.com/health/smart_meal/.

79. Defendant Red Robin has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.redrobin.com, which has a computerized meal planning interface at http://www.redrobin.com/customizer/.

80.     Defendant Seventeen has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.seventeen.com, which has a computerized meal planning interface at http://www.seventeen.com/health-sex-fitness-old/meal-maker/.

81.     Defendant Sonic has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.sonicdrivein.com, which has a computerized meal planning interface at http://www.sonicdrivein.com/nutrition/.

82.     Defendant Subway has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.subway.com, which has a computerized meal planning interface at http://www.subway.com/menu/MealBuilder/MealBuilder.aspx.

83.     Defendant Taco Bell has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.tacobell.com, which has a computerized meal planning interface at http://www.tacobell.com/nutrition/calculator.

84.     Defendant Accord has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.tacotimenw.com, which has a computerized meal planning interface at http://www.tacotimenw.com/tacotimemenu.aspx.

85.     Defendant TCBY has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the

computer implemented website www.tcby.com, which has a computerized meal planning interface at http://tcby.com/menu-nutrition/soft-serve/.

86. Defendant Tim Hortons has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.timhortons.com, which has a computerized meal planning interface at http://www.timhortons.com/ca/en/menu/nutrition-calculator.html.

87. Defendant Wawa has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.wawa.com, which has a computerized meal planning interface at http://www.wawa.com/wawaweb/Nutrition/Default.aspx.

88. Defendant Wegmans has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.wegmans.com, which has a computerized meal planning interface at

http://www.wegmans.com/webapp/wcs/stores/servlet/MealBuilderView?storeId=10052&catalog Id=&langId=-1.

89. Defendant Weight Watchers has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.weightwatchers.com, which has a computerized meal planning interface at

http://www.weightwatchers.com/util/art/index_art.aspx?tabnum=1&art_id=108511&sc=4371.

90. Defendant Wendy's has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the

computer implemented website www.wendys.com, which has a computerized meal planning interface at http://www.wendys.com/food/Nutrition.jsp.

91.     Defendant Which Wich has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.whichwich.com, which has a computerized meal planning interface at http://www.whichwich.com/sandwich/turkey.

92.     Defendant Whole Foods has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.wholefoodsmarket.com, which has a computerized meal planning interface at http://www.wholefoodsmarket.com/recipes/advanced-search.php.

93.     Defendant Davanni's has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.davannis.com, which has a computerized meal planning                                         interface                                         at http://www.davannis.com/index.asp?PageID=17&menuItemID=10&menuCategoryID=4.

94.     Defendant Rubio's has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.rubios.com, which has a computerized meal planning interface at http://www.rubios.com/nutrition/calculator.

95.     Defendant Sweetgreen has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States

the computer implemented website www.sweetgreen.com, which has a computerized meal planning interface at http://www.sweetgreen.com/menu/mixyourown.php.

96.     Defendant Domino's has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented website www.dominos.com, which has a computerized meal planning interface at http://express.dominos.com/order/olo.jsp#storeMenu-entrees-BuildPizza and http://express.dominos.com/pages/calculator.jsp.

97.     Defendant Starbucks has been and now is directly infringing one or more claims of the '516 patent, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented websites www.starbucks.com and www.mystarbuckssignature.com and mobile applications, which have a computerized meal and drink planning interface.  An exemplar website based computerized meal and drink planning interface is at http://www.starbucks.com/menu/catalog/nutrition?food=all#view_control=nutrition.     Exemplar screen shots of Starbuck's iPhone mobile application are below:



98.     As a direct and proximate consequence of the acts and practices of the Defendants in infringing, directly and/or indirectly, one or more claims of the '516 patent, DietGoal

Innovations has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

99.     The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to DietGoal Innovations.

100.    This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and DietGoal Innovations is thus entitled to an award of its reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

101.    DietGoal Innovations, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, DietGoal Innovations requests entry of judgment that:

1.      Defendants have infringed the patent-in-suit;

2.      Defendants account for and pay to Plaintiff all damages caused by their respective infringement of the patent-in-suit; and

3.      Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of one or more of Defendants' patent infringement;

4.      The Court declare this an exceptional case and that Plaintiff be granted reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

5.      Costs be awarded to Plaintiff; and

6.      Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: November 3, 2011    Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By:    */s/ Christopher M. Joe*
       Christopher M. Joe  *(Lead Counsel)*
       State Bar No. 00787770
       Chris.Joe@BJCIPLaw.com
       Eric W. Buether
       State Bar No. 03316880
       Eric.Buether@BJCIPLaw.com
       Brian A. Carpenter
       State Bar No. 03840600
       Brian.Carpenter@BJCIPLaw.com
       Niky Bukovcan
       Washington State Bar No. 39403
       Niky.Bukovcan@BJCIPLaw.com
       Mark D. Perantie
       State Bar No. 24053647
       Mark.Perantie@BJCIPLaw.com

       1700 Pacific Avenue
       Suite 2390
       Dallas, Texas 75201
       Telephone: (214) 466-1272
       Facsimile: (214) 635-1828

       **ATTORNEYS FOR PLAINTIFF**
       **DIETGOAL INNOVATIONS LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 3rd day of November 2011.  Any other counsel of record will be served by facsimile transmission and first class mail.

                    */s/ Christopher M. Joe*
                    Christopher M. Joe